828 F.2d 19
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William CARTER, Plaintiff-Appellant,
v.
FEDERAL CROP INSURANCE CORPORATION, Defendant-Appellee.
 No. 86-6005
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 ORDER
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 
 
 1
 William Carter appeals the judgment following a bench trial in the United States District Court for the Western District of Kentucky on his suit seeking payment of $9,486.86 for soybean losses allegedly covered by an insurance policy between himself and the FCIC.
 
 
 2
 In 1982 Carter entered into a crop insurance agreement with the FCIC that provided coverage against 'unavoidable loss of production resulting from adverse weather conditions, . . . occurring within the insurance period.' The policy provided an indemnity at the rate of $7 per bushel against losses sustained upon a maximum of 3,366 bushels. The policy expired on December 10, 1982, and required Carter to submit a written notice of losses to the FCIC within 30 days of the expiration period.
 
 
 3
 Carter encountered problems harvesting his crop before the expiration date, due to heavy rains. Approximately December 10, he visited the FCIC agent and informed him that he had a crop loss. Neither party discussed extending the expiration date. Independent contractor appraisers for the FCIC inspected Carter's property within two weeks, and counted plants on the property to appraise the expected yield of soybean bushels. One independent appraiser told Carter that the potential production exceeded the amount guaranteed by the insurance policy, and hence that Carter would sustain no loss. Carter signed the appraisal documents and also a document entitled 'Field Inspection and Claim for Indemnity.'
 
 
 4
 The harvest did not take place until approximately January 10, 1983, and its total yield fell 888.07 bushels short of the FCIC guarantee. Carter notified the FCIC of his potential loss within the 30 day period established in the policy, but never requested nor was granted an extension of the expiration date. The district judge granted judgment for the defendant because the appraisals were accurate, and Carter had therefore failed to prove that any of his losses were caused by adverse weather conditions occurring prior to the policy's expiration date.
 
 
 5
 On appeal Carter argues that where the loss results after the insurance coverage period, but was caused by adverse weather conditions occurring during the insurance period, the insured is entitled to recover on the policy, regardless of whether he had asked for an extension of the expiration date.
 
 
 6
 While the issues are not without difficulty, we are nonetheless of the opinion that, upon the record in this case, United States District Judge Edward H. Johnstone did not err in concluding that any loss suffered by plaintiff Carter did not come within the coverage of the insurance policy issued by the defendant FCIC. Accordingly, for the reasons set forth in the opinion of Judge Johnstone filed in the district court August 27, 1986, the judgment of the district court is AFFIRMED.